FILED
APR 1 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEX, INC. t/a LEX ON DEMAND * | |
| **Plaintiff** | Case: 1:07-cv-00708 |
| v. | Assigned To : Walton, Reggie B. |
| | Assign. Date : 4/18/2007 |
| DRIVEN, INC., et al. | Description: LEX INC. v. DRIVE INC. |
| **Defendants** * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND SUPPORTING BRIEF

Plaintiff LEX, Inc. t/a LEX On Demand ("LEX") files this Emergency Motion for Expedited Discovery pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure. In support of its motion, Plaintiff states as follows:

1. LEX filed its Verified Complaint and Motion for Temporary Restraining Order whereby its seeks injunctive relief and damages against Defendants Stephen Mole ("Mole") and Driven, Inc. ("Driven") for misappropriation, tortious interference, breach of contract, and other illegal conduct. LEX has requested a hearing on its application for injunction relief.

2. In light of Defendants' continuing conduct at issue in this case and the ongoing irreparable harm suffered by LEX, time is of the essence. Therefore, LEX moves for entry of an order granting LEX expedited discovery to prepare for a hearing on its application relief. Courts routinely grant expedited discovery in cases requesting injunctive relief. Ellsworth Assocs., Inc. v. U.S, 917 F. Supp. 841, 844 (D. D.C. 1996); Optic-Electronic Corp. v. United States, 683 F.

Supp. 269, 271 (D. D.C. 1987); <u>Air Terminal Servs., Inc. v. Marriott Corp.</u>, 1987 WL 56666 *1 (D. D.C. 1987); <u>Macke Co. v. Allegheny Beverage Co.</u>, 1980 WL 1424 at *1 n.1 (D. D.C. 1980).

3. Under Federal Rule 26, procedures and limitations set forth in the rules pertaining to discovery can be modified by court order. Good cause exists in this case because a temporary restraining order and hearing on preliminary injunctive relief has been requested. To fully prepare to meet its evidentiary burden at this hearing, LEX must engage in expedited discovery. "Expedited discovery should be granted when unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time." <u>Fimab-Finanziaria Maglificio Biellese Fratellie Fila SP.A. v. Helio Import/Export</u>, 601 F. Supp. 1, 3 (S.D. Fla. 1983).

4. LEX requests that this Court permit LEX to take the depositions of Defendants Stephen Mole and the Corporate Designee of Driven within the next eight (8) business days. The depositions are necessary so that LEX will be adequately prepared for an injunction hearing. If LEX is not allowed to take any depositions before the hearing date, it will be severely prejudiced in its ability to address the necessity for injunctive relief.

5. LEX also seeks an order requiring Mole and Driven to respond to LEX's Request for Production of Documents, and shortening the time in which Mole and Driven must respond, so that LEX may use this discovery to prepare for the deposition and hearing on LEX's application for injunctive relief. Exs. 1 and 2. Given the expedited nature of the request, LEX also requests that the Court order Defendants to provide substantive, responsive answers to Plaintiff's discovery, and that Defendants actually produce any responsive documents and things within the next five (5) business days, as opposed to a mere promise to make the documents and things available at some point in the future.

6.  LEX also requests that the Court enter a Confidentiality Order, which the parties and the Court will agree upon. The nature of this case presents the likelihood that confidential and trade secret information will be disclosed over the course of discovery. In order to minimize and/or eliminate any delay in responding to discovery on the basis that confidential and/or trade secret information may be disclosed, LEX requests that this Court enter a Confidentiality Order. The Confidentiality Order, which would equally bind all parties, protects the sensitive nature of any confidential or trade secret information and eliminates any potential harm in producing such documents or information.

7.  Even if this Court does not enter a temporary restraining order, LEX still requests that a hearing be set on its request for a preliminary injunction. Thus, LEX will still need the requested discovery on an expedited basis in order to prepare for the preliminary injunction hearing. Accordingly, the relief sought herein with respect to expedited discovery should still be granted, regardless of whether any temporary restraining order is entered.

## CONCLUSION

For all the foregoing reasons, LEX requests that the Court order Defendants to respond to the attached discovery requests via facsimile or hand delivery at a time set by the Court. LEX also requests that the Court order Defendants to actually produce any responsive documents by the same date and time, as opposed to a mere promise to make the documents and things available at some point in the future. LEX also requests that it be allowed to take the depositions of the Defendants as discussed above. LEX also requests that a Confidentiality Order be entered so as to protect the confidential and/or trade secret nature of any documents and/or information disclosed in the course of discovery.

Respectfully submitted,

*/s/ Sara Levinson*

Francis R. Laws (Bar No. 2596)
Sara A. Levinson (Bar No. 26082)
THOMAS & LIBOWITZ, P.A.
100 Light Street, Suite 1100
Baltimore, MD 21202-1053
(410) 752-2468
Fax: (410) 752-0979

Attorneys for Plaintiff
LEX, Inc. t/a LEX On Demand

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of April 2007 a copy of the foregoing Emergency Motion for Expedited Discovery and Supporting Brief and proposed Order was served via hand delivery on Sam S. Garbia, Esquire and James Martin, Esquire, Garbia & MacGregor, LLP, 4151 Chain Bridge Road, Fairfax, Virginia 22030, Attorneys for Defendants.

*/s/ Sara A. Levinson*

Sara A. Levinson

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEX, INC. t/a LEX ON DEMAND | * |
| Plaintiff | * |
| v. | *   CIVIL ACTION NO. |
| DRIVEN, INC., et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS AND THINGS
TO DEFENDANT STEPHEN MOLE**

Plaintiff, LEX, Inc. t/a LEX On Demand ("LEX"), by counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests Defendant, Stephen Mole ("Mole") to produce and permit Plaintiff to inspect and copy the following described documents and tangible things at a date and time to be set by the Court.

**DEFINITIONS AND INSTRUCTIONS**

For the purpose of this First Request for Production of Documents and Things, and with respect to each document and thing requested:

1. The words "Defendant," "you," and "your" refer to Mole and his counsel, representatives, agents, officers, servants, employees, consultants, or investigators.

2. Each Request set forth herein refers to all documents and things in the custody, control, and possession of Defendant, as well as documents and things in the custody, control, and possession of Defendant's counsel, representatives, agents, servants, employees, consultants, or investigators and, unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators, or consultants.

3. As used throughout this First Request for Production of Documents and Things, the terms "document" and "thing" or any similar term is used in its broadest possible sense and shall include, but not be limited to, the following: any written, printed, typed, electronically created or stored, or other graphic matter of any kind or nature; any physical object or thing; any correspondence, letters, diaries, journals, photocopies, memoranda, computer disks, or files in the possession, custody, or control of Defendant or known to Defendant, wherever located. The terms "document" and "thing" or any other similar terms shall also mean any and all data compilations from which information can be obtained. The term "document" and "thing" or any similar term shall also mean all copies of documents or things, by whatever means made. The terms "document" and "thing" or any other similar term shall also include any attachment thereto or enclosure therewith.

4. With respect to any of the documents or things requested, if any such document or thing is unavailable because it was lost or destroyed by Defendant or its agents, after fully identifying it, state when and where it was destroyed, the name and address of the person who destroyed it, the name and address of the person who directed or knew of its destruction, and the name and address of the person who has knowledge of such document or property (stating the substance of such knowledge).

5. If there is a claim of privilege with respect to any document or thing requested, please identify every such document or thing in your response and include in the identification a description of the document or thing, the date of the document or thing, the names of the addressee and the addressor, the identity of any person to whom a copy was given or communicated, the general subject matter of the document or thing, a statement of facts constituting the basis for any claim of privilege, and the specific basis on which privilege is

claimed. If any Request is deemed to call for disclosure of privileged or proprietary documents or things, Plaintiff is prepared to negotiate with Defendant an appropriate protective order concerning the terms and conditions under which privileged or proprietary documents or things may be protected from disclosure.

6.  These Requests are continuing, to the full extent required and/or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when Defendant obtains access, custody, possession, or control of any documents not previously produced which are responsive to one or more of these Requests.

7.  Unless otherwise indicated, these Requests refer to the time, place, and circumstances of the occurrences in the pleadings.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1**: Please provide for inspection and copying any and all documents concerning or relating to your employment with Driven, Inc. ("Driven") including, but not limited to, your employment agreement, any attachments, schedules, or exhibits thereto, any indemnification agreement between you and Driven, all documents concerning or relating to your hiring and job performance, any job descriptions for position(s) held by you with Driven, and all documents concerning or relating to compensation, such as but not limited to any agreement(s) as to method of compensation, what compensation has been or will be received, and/or commitment(s) to pay or otherwise reward you for your efforts on behalf of Driven.

**REQUEST NO. 2**: Please provide for inspection and copying any and all documents evidencing, referring, or relating to communications between you and Driven prior to the date you began employment with Driven.

3

**REQUEST NO. 3**: Please provide for inspection and copying any and all documents evidencing, referring, or relating to any contact or communication between any person, including, any partner, associate, attorney, paralegal, secretary, or other person otherwise affiliated or connected with any law firms or entities and yourself occurring from the date you began providing services for Driven, to the present, including, but not limited to, correspondence, invoices, summaries of business activities, personal visit logs, e-mails, call reports, contact logs, letters, and telephone records.

**REQUEST NO. 4**: Please provide for inspection and copying any and all documents and things, including but not limited to, software, computer programs, hardware, or other electronic, computer, or magnetic information you provided to Driven.

**REQUEST NO. 5**: Please provide for inspection and copying any and all documents or things you understand or believe to have been created by or for LEX, including but not limited to, business plans, sales training manuals, forms, and computer software, computer programs, hardware, or other electronic data that you provided to Driven.

**REQUEST NO. 6**: Please provide for inspection and copying, any and all curriculum vitae and reports of all experts whom you intend to call as expert witnesses at any proceeding associated with this matter, including any hearing on the temporary or preliminary injunction or trial of this matter.

**REQUEST NO. 7**: Please provide for inspection and copying, any and all documents relating to the identity and location (name, address, and telephone number) of any persons having knowledge of relevant facts or discoverable matters, relating to the subject matter of this lawsuit.

**REQUEST NO. 8**: Please provide for inspection and copying any and all documents, including hardcopy printouts of any electronic, magnetic, or computer documents, originally in the possession of, belonging to, relating to, or received from LEX.

**REQUEST NO. 9**: Please provide for inspection and copying any and all documents indicating work done for Driven.

**REQUEST NO. 10**: Please provide for inspection and copying any and all promotional, advertising, or other marketing materials provided by you to customers or potential customers since becoming affiliated with Driven.

**REQUEST NO. 11**: Please provide for inspection and copying any and all documents reflecting revenues and/or number of jobs since your employment with Driven.

**REQUEST NO. 12**: Please provide for inspection and copying any and all documents referred to in your Answers to Plaintiff's First Set of Interrogatories.

**REQUEST NO. 13**: Please provide for inspection and copying any and all curriculum vitae and reports of all experts whom you intend to call as expert witnesses at any proceeding associated with this matter, including hearings on preliminary and/or permanent injunctions.

Respectfully submitted,

_____
Francis R. Laws (Bar No. 2596)
Sara A. Levinson (Bar No. 26082)
THOMAS & LIBOWITZ, P.A.
100 Light Street, Suite 1100
Baltimore, MD 21202-1053
(410) 752-2468
Fax: (410) 752-0979

Attorneys for Plaintiff
LEX, Inc. t/a LEX On Demand

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEX, INC. t/a LEX ON DEMAND | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. |
| DRIVEN, INC., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT DRIVEN, INC.

Plaintiff, LEX, Inc. t/a LEX On Demand ("LEX"), by counsel and pursuant to Rule 34 of the Superior Court Rules of Civil Procedure, requests Defendant, Driven, Inc. ("Driven") to produce and permit Plaintiff to inspect and copy the following described documents and tangible things at a date and time to be set by the Court.

### DEFINITIONS AND INSTRUCTIONS

For the purpose of this First Request for Production of Documents and Things, and with respect to each document and thing requested:

1.  The words "Defendant," ""you," and "your" refer to Driven and its counsel, representatives, agents, officers, servants, employees, consultants, or investigators.

2.  Each Request set forth herein refers to all documents and things in the custody, control, and possession of Defendant, as well as documents and things in the custody, control, and possession of Defendant's counsel, representatives, agents, servants, employees, consultants, or investigators and, unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators, or consultants.

3. As used throughout this First Request for Production of Documents and Things, the terms "document" and "thing" or any similar term is used in its broadest possible sense and shall include, but not be limited to, the following: any written, printed, typed, electronically created or stored, or other graphic matter of any kind or nature; any physical object or thing; any correspondence, letters, diaries, journals, photocopies, memoranda, computer disks, or files in the possession, custody, or control of Defendant or known to Defendant, wherever located. The terms "document" and "thing" or any other similar terms shall also mean any and all data compilations from which information can be obtained. The term "document" and "thing" or any similar term shall also mean all copies of documents or things, by whatever means made. The terms "document" and "thing" or any other similar term shall also include any attachment thereto or enclosure therewith.

4. With respect to any of the documents or things requested, if any such document or thing is unavailable because it was lost or destroyed by Defendant or its agents, after fully identifying it, state when and where it was destroyed, the name and address of the person who destroyed it, the name and address of the person who directed or knew of its destruction, and the name and address of the person who has knowledge of such document or property (stating the substance of such knowledge).

5. If there is a claim of privilege with respect to any document or thing requested, please identify every such document or thing in your response and include in the identification a description of the document or thing, the date of the document or thing, the names of the addressee and the addressor, the identity of any person to whom a copy was given or communicated, the general subject matter of the document or thing, a statement of facts constituting the basis for any claim of privilege, and the specific basis on which privilege is

claimed. If any Request is deemed to call for disclosure of privileged or proprietary documents or things, Plaintiff is prepared to negotiate with Defendant an appropriate protective order concerning the terms and conditions under which privileged or proprietary documents or things may be protected from disclosure.

6.  These Requests are continuing, to the full extent required and/or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when Defendant obtains access, custody, possession, or control of any documents not previously produced which are responsive to one or more of these Requests.

7.  Unless otherwise indicated, these Requests refer to the time, place, and circumstances of the occurrences in the pleadings.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1**: Please provide for inspection and copying any and all documents referring, concerning, or relating to Stephen Mole ("Mole"), including, but not limited to, any agreements, correspondence, or communications with Mole.

**REQUEST NO. 2**: Please provide for inspection and copying any and all documents concerning or relating to the employment of Mole, including, but not limited to, his employment agreement, any attachments, schedules, or exhibits thereto, any indemnification agreement between you and Mole, all documents contained in his personnel file concerning or relating to his hiring and job performance and all documents concerning or relating to this compensation, such as but not limited to any agreement(s) as to method of compensation, what compensation he has received, and/or commitment(s) to pay or otherwise reward him for his efforts on behalf of Driven.

3

**REQUEST NO. 3**: Please provide for inspection and copying any and all documents evidencing, referring, or relating to communications between you and Mole prior to the date he began employment with you.

**REQUEST NO. 4**: Please provide for inspection and copying any and all documents and things, including but not limited to, software, computer programs, hardware, or other electronic, computer or magnetic information, you received from Mole.

**REQUEST NO. 5**: Please provide for inspection and copying, any and all documents or things you understand or believe to have been created by or for LEX, including but not limited to, business plans, sales training manuals, forms, and computer software, computer programs, hardware, or other electronic data.

**REQUEST NO. 6**: Please provide for inspection and copying any and all financial statements and business plans for previous, current, and future fiscal years for your operation in the Washington, D.C. area.

**REQUEST NO. 7**: Please provide for inspection and copying any and all curriculum vitae and reports of all experts whom you intend to call as expert witnesses at any proceeding associated with this matter, including any hearing on the temporary or preliminary injunction or trial of this matter.

**REQUEST NO. 8**: Please provide for inspection and copying any and all documents relating to the identity and location (name, address, and telephone number) of any persons having knowledge of relevant facts or discoverable matters, relating to the subject matter of this lawsuit.

**REQUEST NO. 9**: Please provide for inspection and copying any and all documents, including hardcopy printouts of any electronic, magnetic, or computer documents, originally in the possession of, belonging to, relating to, or received from LEX.

**REQUEST NO. 10**: Please provide for inspection and copying any and all documents evidencing, referring, or relating to any contact or communication between any partner, associate, attorney, paralegal, secretary, or other person otherwise affiliated or connected with any of the law firms or persons in any entity, and Mole occurring from the date he began providing services for Driven, to the present, including, but not limited to, correspondence, invoices, summaries of business activities, personal visit logs, e-mails, call reports, contact logs, and telephone records.

**REQUEST NO. 11**: Please provide for inspection and copying any and all promotional, advertising, or other marketing materials provided by you to customers or potential customers from January 1, 2004 to the present.

**REQUEST NO. 12**: Please provide for inspection and copying any and all job logs, reflecting revenues and/or number of jobs performed by Mole.

**REQUEST NO. 13**: Please provide for inspection and copying any and all documents referred to in your Answers to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

*[signature]*

Francis R. Laws (Bar No. 2596)
Sara A. Levinson (Bar No. 26082)
THOMAS & LIBOWITZ, P.A.
100 Light Street, Suite 1100
Baltimore, MD 21202-1053
(410) 752-2468
Fax: (410) 752-0979

Attorneys for Plaintiff
LEX, Inc. t/a LEX On Demand

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEX, INC. t/a LEX ON DEMAND | * |
|     Plaintiff | * |
| v. | *   CIVIL ACTION NO. 1-07-00708 |
| DRIVEN, INC., et al. | * |
|     Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### RULE 65.1 CERTIFICATE OF COUNSEL

I hereby certify that on this 18th day of April 2007, actual notice of the time of making the application for Temporary Restraining Order and a copy of all pleadings and papers filed in the action to date or to be presented at the court at the hearing have been furnished to the adverse party. I hereby certify that I have been in contact with opposing counsel and opposing counsel has actual notice that Plaintiff makes application for a Temporary Restraining Order at a time to be set by the court.

Respectfully submitted,

_/s/ Sara Levinson_
Sara A. Levinson (Bar No. 26082)
THOMAS & LIBOWITZ, P.A.
100 Light Street, Suite 1100
Baltimore, Maryland 21202
(410) 752-2468
Fax: (410) 752-0979

Attorneys for Plaintiff
LEX, Inc. t/a LEX On Demand