# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| LEX, INC., T/A LEX ON DEMAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 07CB708 |
| ) | |
| DRIVEN, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR TRO

For the following reasons, the plaintiff's request for a Temporary Restraining Order and a Preliminary Injunction should be denied.

## I. LEGAL STANDARD FOR A MOTION FOR A TEMPORARY RESTRAINING ORDER

Interim injunctive relief is an extraordinary form of judicial relief, and courts should accordingly grant such relief only sparingly. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L.Ed.2d 162 (1997). Moreover, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Id. A preliminary injunction is not a form of relief granted lightly. See Ambach v. Bell, 686 F.2d 974, 979 (D.C. Cir. 1982).

This court may issue interim injunctive relief only when the movant demonstrates (1) a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury if the injunction is not granted; (3) that an injunction would not substantially injure other interested

parties; and (4) that the public interest would be furthered by the injunction. Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1066 (D.C.Cir.1998) (quoting CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C.Cir.1995)); see also World Duty Free Americas, Inc. v. Summers, 94 F.Supp.2d 61, 64 (D.D.C.2000).

Demonstrating the substantial likelihood of success on the merits is of utmost importance. Guam Indus. Services, Inc. v. Rumsfeld, 383 F.Supp.2d 112 (D.D.C., 2005); Cf. Benten v. Kessler, 505 U.S. 1084, 1085, 112 S.Ct. 2929, 120 L.Ed.2d 926 (1992) (per curiam). Without a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." Am. Bankers Ass'n v. Nat'l Credit Union Admin., 38 F.Supp.2d 114, 140 (D.D.C.1999) (internal quotation omitted).

In addition, it is critical for the plaintiff to demonstrate irreparable injury before an injunction can be granted. CityFed Fin. Corp. v. Office of the Thrift Supervision, 58 F.3d 738 (D.C. Cir. 1995). This court has stated, "if a party makes no showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors." Howard v. Evans, Civil Action No. 01-1498 (RMU) (D. D.C. 3/29/2002) (D.D.C., 2002). Moreover, a statement in the employment contract that defendant Mole agrees to be preliminarily enjoined if he breaches his covenants is insufficient to obtain a TRO or a preliminary injunction. Smith, Bucklin & Associates, Inc. v. Sonntag, 83 F.3d 476 (D.C. Cir. 1996).

II.     DISCUSSION

   A.    Lex Cannot Establish a Substantial Likelihood of Success on the Merits

It is respectfully submitted that the plaintiffs cannot establish a substantial likelihood of success on the merits in the instant action.

   1.    Scope of the Contract

The contract at issue, which was drafted by the plaintiffs, is entitled an "Employment Contract." The contract, however, has many ambiguities in it. These ambiguities should be construed against the drafter of the contract. The intent of the parties, however, can be ascertained from various terms within the contract. For example, in paragraph 10(c), the employee is prohibited from *contacting or communicating* with specific *accounts or customers* to the extent it is adverse to the company. "Contact or communication" is defined in paragraph 1(c) as "intercourse of any kind between the Employee and other individual(s), whether verbal, written, or otherwise, for the purpose of *providing copy services or solicitation of copy services.*" In addition, the employee's duties are described in paragraph 5. That paragraph states that the employee's primary duties shall be "to assist the Company becoming the best, most successful, *copy services provider* in the Employee's Assigned Territory."

From the language of the contract itself, defendant Mole was contracted with respect to copy services, and the extent of his covenant not to compete is limited only to that endeavor. To the extent that the plaintiff now seeks to extend the provisions of the covenant not to compete to other job functions that were not subject of the written agreement, the defendants submit that there was no meeting of the minds concerning these extensions. Accordingly any expansion of the contract beyond what is written should be rejected.

3

### 2. The Employment Agreement Was First Breached by LEX

An employee may be excused from covenants not to compete in an employment contract if the employer has first breached the contract. See L.G. Balfour Co., Inc. v. McGinnis, 759 F.Supp. 840 (D.D.C., 1991). In this instance, the employment agreement designated defendant Mole's "Assigned Territory" as the Washington, DC Metropolitan Area, including the District of Columbia, Arlington, Fairfax, Loudoun, and Prince William Counties, and the city of Alexandria, Virginia, as well as Montgomery, Prince Georges, Howard, and Charles Counties, Maryland. In addition, defendant Mole's employment duties included providing copy services in the "Assigned Territory." Nevertheless, the plaintiff directed defendant Mole to refrain from working in any jurisdiction other than the District of Columbia. By prohibiting defendant Mole from working in his full territory in accordance with the terms of contract, the plaintiff caused defendant Mole to lose substantial revenues. The plaintiff thus breached its obligations under the employment contract, and cannot now prevail on an alleged breach by defendant Mole. Hence, it is unlikely that the plaintiff will succeed on the merits.

### 3. There Has Been No Breach by Defendant Mole

The plaintiff has provided no facts to support the contention that the agreement has been breached by defendant Mole. Instead, it provides only sweeping conclusions based upon false assumptions.

Specifically, there is no evidence that defendant Mole has solicited "Copy Services" from anyone within the "Assigned Territory," or that he has had contact or communication, as defined in the Employment Agreement, with any specific accounts or customers for which he was

4

responsible for or with whom he had contact during his employment. To the contrary, defendant Mole has refrained from any such activities.

Moreover, the intent of any covenant not to compete is to prevent an employee from continuing to service specific customers seamlessly as he goes from one employer to the next. In this case, there is no evidence or facts supporting the contention that Defendant Mole has had any contact with the customers whom he serviced while a Lex employee.

For all of these reasons, it is unlikely that the plaintiff will succeed on the merits.

4.  <u>There Is No Evidence That Defendant Driven Has Interfered or Tortiously Interfered with the Covenant Not to Compete</u>

The plaintiff has provided no facts that establish that defendant Driven has intentionally procured a breach of the contract between defendant Mole and the plaintiff. As an initial matter, because defendant Mole has not breached his agreement, it follows that there could not have been any intentionally procured breach by defendant Driven.

Moreover, defendant Driven has taken steps to ensure that the actions of defendant Mole were within the terms of the covenants not to compete, and has encouraged defendant Mole to honor the covenants not to compete. Accordingly, the plaintiffs cannot establish that they have a substantial likelihood of success on the merits with respect to any claims against defendant Driven.

B.  <u>Lex Would Not Suffer Irreparable Injury If the Injunction Is Not Granted</u>

The plaintiff's motion fails to establish that Lex would suffer irreparable injury if the TRO is not granted. For example, Lex has failed to identify any accounts that have already been lost or clients that are moving their business based upon the actions of the defendants.

Moreover, Lex has not asserted any lost revenues, and has provided no evidence regarding the same. In addition, there is no evidence presented that the plaintiff has lost any goodwill or has lost any business based on any actions of the defendants herein. Accordingly, there will be no irreparable damage if a TRO is not granted.

In addition, defendant Mole was restricted by LEX to work only in the District of Columbia, despite the fact that his Assigned Territory includes all of Northern Virginia, as well as counties in Maryland. Hence, the only accounts that defendant Mole contributed to were within the District of Columbia. It follows that if defendant Mole is not enjoined from performing work in Northern Virginia and Maryland, there cannot be any irreparable harm to LEX, since defending Mole will not be influencing any of the accounts on which he formerly worked.

Moreover, the acknowledgment by the defendant in the employment agreement drafted by the plaintiff that the company would suffer irreparable harm if the employee breaches his covenants, and the pre-emptive agreement by defendant Mole to preliminary injunction, is insufficient to establish the irreparable harm or to concede that an injunction should be granted. Smith, Bucklin & Associates, Inc. v. Sonntag, 83 F.3d 476 (D.C. Cir. 1996).


C.  An Injunction Would Substantially Injure Other Interested Parties

If a TRO or preliminary injunction is granted in this matter, defendant Mole will be unable to work in his chosen field, and will be unable to earn a living. An interruption in work, even for a short period of time, would have devastating effects on defendant Mole's personal finances, and would cause an extreme hardship. If the court is inclined to grant a preliminary

6

injunction, the defendants ask that the Court set a substantial bond to protect defendant Mole's financial interests.

### D. The Public Interest Would Not Be Furthered by the Injunction

Although there is a strong public interest in allowing companies to enforce trade secrets and protect goodwill through covenants not to compete, in the present matter there is no evidence that any trade secrets or customer lists are at risk or that defendant Mole is attempting to unfairly compete with his former employer or exploit or diminish the plaintiff's goodwill. Accordingly, in this matter, the public interest would not be served by depriving defendant Mole of the right to work in his chosen field based upon unsubstantiated allegations by LEX.

### III. CONCLUSION

The plaintiffs have failed to establish demonstrates (1) a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury if the injunction is not granted; (3) that an injunction would not substantially injure other interested parties; or (4) that the public interest would be furthered by the injunction. Accordingly, the request for the TRO should be denied.

Respectfully submitted,
Driven, Inc.
Stephen Mole
By Counsel

Jon E. Shields, Esquire
D.C. Bar No. 431003
P.O. Box 10,007
Manassas, Virginia 20108-0595
(703) 367-9636
(703) 367-9635 (Fax)
Counsel to the Defendants
jonshields@covad.net

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 20 day of April, 2007, a copy of the foregoing was served by first-class mail, postage prepaid, to Francis R. Laws and Sara A. Levinson, Thomas & Libowitz, PA, 100 Light St., Suite 1100, Baltimore, Maryland 21202-1053, and sent by e-mail to Flaws@tandllaw.com, Slevinson@tandllaw.com, counsel for the plaintiff.

Jon E. Shields, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| LEX, INC., T/A LEX ON DEMAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 07CB708 |
| ) | |
| ) | |
| DRIVEN, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

THIS MATTER having come before the Court upon the Plaintiff's *Motion for Temporary Restraining Order*, and the Court having considered the Motion, the Response thereto, the testimony, exhibits and argument of counsel, it therefore

ORDERED that the Motion for Temporary Restraining Order is hereby DENIED.

Entered April _____, 2007.

_____
REGGIE B. WALTON
United States District Judge

Copies to:

Francis R. Laws, Esquire
Sara A. Levinson, Esquire
Thomas & Libowitz, PA
100 Light St., Suite 1100
Baltimore, Maryland 21202-1053
Flaws@tandllaw.com
Slevinson@tandllaw.com
Counsel for the Plaintiff

Jon E. Shields, Esquire
D.C. Bar No. 431003
P.O. Box 10,007
Manassas, Virginia 20108-0595
(703) 367-9636
(703) 367-9635 (Fax)
jonshields@covad.net
Counsel to the Defendants